IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                          Case Nos.:  5:16cr34/RH/EMT
                                                         5:18cv193/RH/EMT

GLENN D. STEWART

## REPORT AND RECOMMENDATION

This matter is before the court on Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 38) and the Government's response in opposition (ECF No. 42).   The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.   *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).   After a review of the record and the arguments presented, the undersigned recommends that the § 2255 motion be denied without a hearing.   *See* Rules 8(a) and (b), Rules Governing Section 2255 Proceedings.

### PROCEDURAL BACKGROUND

On December 6, 2016, a grand jury returned a seven-count indictment charging Defendant Glenn Stewart with conspiracy to possess with intent to distribute methamphetamine (Count One) and six substantive counts of possession

with intent to distribute methamphetamine (Counts Two through Seven) (ECF No. 1).   On February 2, 2017, Stewart pleaded guilty to Count One, which charged him with conspiring to possess with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii), and Count Four, which charged him with possession with intent to distribute 5 grams or more of methamphetamine in violation of §§ 841(a)(1) and (b)(1)(B)(viii) (ECF Nos. 17–20, 41).   The written plea agreement stated that due to a prior felony drug conviction, as to Count One Stewart faced not less than 20 years imprisonment and as to Count Four he faced not less than ten years imprisonment; he faced up to life imprisonment on both Counts One and Four (ECF No. 19 at 2).   At the rearraignment proceeding, the court confirmed Stewart understood he would be sentenced to at least twenty-years imprisonment absent application of the safety valve provision of the Sentencing Guidelines or Stewart's cooperation with the Government (ECF No. 41 at 9–12).

The Final Presentence Investigation Report ("PSR") calculated Stewart's total offense level at 29 and his criminal history category as V (ECF No. 27).   The guidelines imprisonment range of 140 to 175 months became 240 months due to the

application of the statutory mandatory minimum on Count One (*id.*, PSR ¶¶ 90–91). On August 17, 2017, Stewart was sentenced to concurrent terms of 240-months imprisonment, and the remaining counts were dismissed (ECF No. 42-1; ECF No. 35).

Stewart did not appeal but timely filed a motion to vacate, contending his sentence was improperly enhanced under 21 U.S.C. § 851 on the basis of a prior felony drug conviction.   He asserts that counsel's failure to object to the enhanced sentence was constitutionally ineffective and led to him being sentenced in violation of due process.   The Government asserts Stewart's claims are without merit.

ANALYSIS

A. General Standard of Review

A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.   *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).   "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a

complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).   Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal generally are not actionable in a § 2255 motion and will be considered procedurally barred.   *Id.,* 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).

A defendant may overcome the procedural default if he shows that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."   *Lynn*, 365 F.3d at 1235.   A meritorious claim of ineffective assistance of counsel can constitute cause.   *See United States v. Nyhuis,* 211 F.3d 1340, 1344 (11th Cir. 2000).

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000).   In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.

*Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. A defendant has a heavy burden to establish counsel's performance was unreasonable or deficient. To do so, he must show that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted). To establish prejudice, a defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. In the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001).

Fatal to Stewart's claims in this case, as will be discussed below, is the fact that counsel's performance cannot be found constitutionally deficient if counsel fails to preserve or argue a meritless claim. *Hollis v. United States,* 958 F. 3d 1120, 1124 (11th Cir. 2020) (counsel not constitutionally ineffective for failing to raise

meritless objection to use of prior drug convictions as predicate offenses under ACCA); *see also Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (*citing Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002).

Finally, an evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."   *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015); *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008).   Not every claim of ineffective assistance of counsel warrants an evidentiary hearing.   *Gordon*, 518 F.3d at 1301.   For example, a hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.   *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014).

B.   Stewart's claims

Stewart identifies two separate claims in his § 2255 motion—"ineffective assistance of counsel" and "due process violation"—and references an attached memorandum for all supporting facts and arguments.   The two claims are inextricably intertwined because Stewart contends it was counsel's ineffectiveness

in failing to object to the enhanced sentence that led to the alleged due process violation. Thus, the claims are discussed together herein.

Stewart claims his attorney provided constitutionally ineffective assistance by failing to object to the sentencing court's use of a prior Florida felony drug conviction to enhance his sentence under 21 U.S.C. §§ 841 and 851 (ECF No. 38-1 at 2, 6–8). He relies on the Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), in support of his claim, as well as a case from the Fifth Circuit, *United States v. Hinkle*, 832 F. 3d 569, 574 (5th Cir. 2016).

The Court in *Mathis* considered the violent felony provision of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and the determination of whether prior offenses are properly considered violent felonies under this provision. *Mathis*, 136 S. Ct. at 2247–48. The Court held that if the elements of a state's law proscribing an offense are broader than those of the generic offense, the conviction is not properly an ACCA predicate. The *Hinkle* court, using the guidance of *Mathis*, considered the career offender enhancement of the guidelines, U.S.S.G. § 4B1.1(a). It similarly held that if a defendant's offense of conviction criminalizes a "greater swath of conduct than the elements of the relevant [Guidelines] offense," the offense is not a controlled substance offense under the guidelines. *Hinkle*, 832

F.3d at 576–77.    Stewart's sentence was not enhanced pursuant to either the ACCA

or the career offender guideline provision; as such, neither case is instructive.

Stewart's sentence was enhanced under 21 U.S.C. §§ 841(b)(1)(A), (B) and

851 (ECF No. 13).    At the time Stewart was convicted, the relevant statute provided

for an enhanced sentence for individuals who had previously been convicted of a

"felony drug offense."    21 U.S.C. §§ 841(b)(1)(A), (B); *see also* 21 U.S.C.

§§ 841(b)(1)(C), (D) (same).    The term "felony drug offense," according to the

Supreme Court, "is defined exclusively by § 802(44)."[1]    *Burgess v. United States,*

553 U.S. 124, 126 (2008).    The relevant definition at the time of Stewart's

conviction (and now) encompasses offenses that "prohibit[] or restrict[] conduct

relating to narcotic drugs" and are punishable by imprisonment for more than one

year.    *See* 21 U.S.C. § 802(44).    A state drug offense punishable by more than one

year therefore qualifies as a "felony drug offense" under federal law, "even if state

law classifies the offense as a misdemeanor."    *Burgess*, 553 U.S. at 126–27.

---

[1] Subsections 841(b)(1)(A) and (B) were amended effective December 21, 2018, to provide enhanced sentences for individuals who had a prior conviction for either a "serious drug felony" (instead of a "felony drug offense") or a "serious violent felony."    Neither of the new terms is defined in § 802.    Subsections 841(b)(1)(C) and (D) continue to provide for enhancement based on a prior conviction for a "felony drug offense," the definition of which remains unchanged.

Here, the prior conviction used to support the enhancement was Stewart's 2007 conviction for sale, manufacture, or delivery of methamphetamine in violation Fla. Stat. § 893.13(1)(a)(1), which is punishable by a year or more of imprisonment and is a conviction for purposes of an enhancement pursuant to § 851.   *Burgess*, 553 U.S. at 126–27; *see also United States v. Neal,* 520 F. App'x 794, 795 (11th Cir. 2013); *United States v. Watkins*, 718 F. App'x 849, 853–54 (11th Cir. 2017); *Devero v. United States*, Nos. 3:14-cv-606-J-32JRK, 3:13-cr-12-J-32JRK, 2017 WL 2840670, at *5 (M.D. Fla. July 3, 2017).

Stewart's attorney was not constitutionally ineffective for failing to make a meritless argument that his prior conviction was not a proper predicate for the § 851 enhancement.   Because he cannot show either deficient performance or prejudice as required by *Strickland*, he is not entitled to § 2255 relief.

C. Conclusion

An evidentiary hearing is not necessary for this court to resolve Stewart's claims because "the motion and files and records conclusively show that the prisoner is entitled to no relief."   *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877.   Based on the foregoing, Stewart's motion should be denied in its entirety.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.    The Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 38) be

**DENIED**.

2.    A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 29<u>th</u> day of June 2020.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

    **Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.    <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>    A copy of objections shall be served upon all other parties.    If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.    *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**