IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.  CASES NO. 5:16cr34-RH-EMT
   5:18cv193-RH-EMT

GLENN D. STEWART,

      Defendant.

_____/

### ORDER DENYING THE § 2255 MOTION AND
### DENYING A CERTIFICATE OF APPEALABILITY

The defendant Glenn D. Stewart is serving a minimum mandatory drug sentence. He has moved for relief under 28 U.S.C. § 2255. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 86. No objections have been filed. This order accepts the report and recommendation, adopts it as the court's opinion, and denies the § 2255 motion.

The explanation is straightforward. Mr. Stewart pled guilty to two counts: conspiracy to distribute and possess with intent to distribute 50 grams or more of actual methamphetamine and 500 grams or more of a mixture containing methamphetamine (count one); and possessing with intent to distribute 5 grams or more of methamphetamine (count four). The government filed a notice that Mr.

Stewart had a prior drug felony conviction—a 2007 Florida methamphetamine conviction on which Mr. Stewart was sentenced to four years in prison. Based on the amount of methamphetamine and prior drug felony conviction, the minimum mandatory sentence on count one was 20 years. *See* 21 U.S.C. § 841(b)(1)(A)(viii). Mr. Stewart was sentenced to 20 years—240 months—on both counts, to run concurrently.

This was the proper sentence. Any shorter sentence would have violated the statute—would have been illegal. Mr. Stewart's attorney did not render ineffective assistance by failing to assert the contrary. And imposing the statutorily required sentence was not a due process violation.

To be sure, the First Step Act now has reduced the minimum mandatory sentence for an equivalent offense, with an equivalent prior conviction, to 15 years. But that change is not retroactive. Mr. Stewart was properly sentenced under the law in effect at the time of sentencing.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v.*

*Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The defendant has not made the required showing. This order thus denies a certificate of appealability.

IT IS ORDERED:

1. The defendant's motion for relief under 28 U.S.C. § 2255, ECF No. 38, is denied.

2. The clerk must enter judgment.

3. A certificate of appealability is denied.

SO ORDERED on October 5, 2020.

s/Robert L. Hinkle  
United States District Judge